MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JOSE YUQUILEMA, *individually and on*
*behalf of others similarly situated,*

                              *Plaintiff,*

             -AGAINST-

SCHNITZEL EXPRESS CORP. (D/B/A
SCHNITZEL EXPRESS GLATT KOSHER),
EPHRAIM UZAN, and JANE DOE,

                              *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

         Plaintiff Jose Yuquilema, individually and on behalf of others similarly situated

("Plaintiff Yuquilema"), by and through his attorneys, Michael Faillace & Associates, P.C., upon

their knowledge and belief, and as against Schnitzel Express Corp. (d/b/a Schnitzel Express Glatt

Kosher) ("Defendant Corporation"), Ephraim Uzan, and Jane Doe, alleges as follows:

## NATURE OF THE ACTION

         1.     Plaintiff Yuquilema is a former employee of defendants Schnitzel Express Corp.,

Ephraim Uzan, and Jane Doe (collectively "Defendants").

         2.      Defendants own, operate, or control a Kosher restaurant located at 1410

Broadway, New York, New York 10018 under the name Schnitzel Express Glatt Kosher.

3.     Upon information and belief, individual defendants Ephraim Uzan and Jane Doe serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.     Plaintiff Yuquilema was ostensibly employed as a delivery worker, but he was required to spend a considerable part of his work day performing non-tipped, non-delivery duties, including but not limited to, various restaurant duties such as cleaning tables and the bathroom, bringing food up from the basement, taking out the garbage, and sweeping and mopping (hereafter the "non-tipped, non-delivery duties").

5.     Plaintiff Yuquilema regularly worked for Defendants without appropriate minimum wage compensation for any of the hours that he worked.

6.     Defendants employed and accounted for Plaintiff Yuquilema as a delivery worker in their payroll, but in actuality his duties required greater or equal time spent in non-tipped, non-delivery duties.

7.     Regardless, at all times Defendants paid Plaintiff Yuquilema at a rate that was lower than the required tip-credit rate.

8.     In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Yuquilema's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y.C.R.R. §146.

9.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Yuquilema's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Yuquilema at the minimum wage rate and enabled them to pay Plaintiff Yuquilema at the lower tip-credited rate (which they still failed to do).

10.     In addition, defendants maintained a policy and practice of unlawfully appropriating Plaintiff Yuquilema's and other tipped employees' tips and made unlawful deductions from Plaintiff Yuquilema and other tipped employees' wages.

11.     Defendants' conduct extended beyond Plaintiff Yuquilema to all other similarly situated employees.

12.     Plaintiff Yuquilema now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the"NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiff Yuquilema seeks certification of this action as a collective action on behalf of himself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Yuquilema's state law claims under 28 U.S.C. § 1367(a).

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Kosher restaurant located in this district. Further, Plaintiff Yuquilema was employed by Defendants in this district.

- 3 -

## THE PARTIES

*Plaintiff*

16.     Plaintiff Jose Yuquilema ("Plaintiff Yuquilema" or "Mr. Yuquilema") is an adult individual residing in Queens County, New York.  Plaintiff Yuquilema was employed by Defendants from approximately January 10, 2014 until on or about November 20, 2015.

17.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Yuquilema consents to being a party and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a Kosher restaurant located at 1410 Broadway, New York, N.Y. 10018 under the name "Schnitzel Express Glatt Kosher."

19.     Upon information and belief, Schnitzel Express Corp. (Defendant Corporation), is a domestic corporation organized and existing under the laws of the State of New York.

20.     Upon information and belief, Defendant Corporation maintains its principal place of business at 1410 Broadway, New York, New York 10018.

21.     Defendant Ephraim Uzan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.  Defendant Ephraim Uzan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation.  Defendant Ephraim Uzan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiff,

- 4 -

established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.     Defendant Jane Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jane Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation.  Defendant Jane Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  She determined the wages and compensation of the employees of Defendants, including Plaintiff Yuquilema, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23.     Defendants operate a Kosher restaurant located in the Midtown district Section of Manhattan in New York City. Individual defendants, Ephraim Uzan and Jane Doe possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Yuquilema's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Yuquilema, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Yuquilema (and all similarly situated employees) and are Plaintiff Yuquilema's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Yuquilema and/or similarly situated individuals.

28.     Upon information and belief, individual defendants Ephraim Uzan and Jane Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a.  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

    b.  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c.  transferring assets and debts freely as between all Defendants,

    d.  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e.  operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

    f.  intermingling assets and debts of their own with Defendant Corporation,

g.  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h.  other actions evincing a failure to adhere to the corporate form.

29.    At all relevant times, Defendants were Plaintiff Yuquilema's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Yuquilema, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Yuquilema's services.

30.    In each year from 2014 to 2015, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiff*

32.    Plaintiff Yuquilema is a former employee of Defendants ostensibly employed as a delivery worker, but, he spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

33.    Plaintiff Yuquilema seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jose Yuquilema*

34.    Plaintiff Yuquilema was employed by Defendants from approximately January 10, 2014 until on or about November 20, 2015.

35.    Defendants ostensibly employed Plaintiff Yuquilema as a delivery worker.

36.    However, Plaintiff Yuquilema was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

37.    Although Plaintiff Yuquilema was ostensibly employed as a delivery worker, he spent over two hours of each day performing non-delivery work throughout his employment with Defendants.

38.    Plaintiff Yuquilema regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

39.    Plaintiff Yuquilema's work duties required neither discretion nor independent judgment.

40.    From approximately January 10, 2014 until November 20, 2015, Plaintiff Yuquilema worked from approximately 11:00 a.m. until on or about 4:00 p.m. two days a week and from approximately 11:00 a.m. until on or about 4:30 p.m. two days a week (typically 21 hours per week).

41.    Throughout his employment with defendants, Plaintiff Yuquilema was paid his wages in cash.

42.    Throughout his employment with Defendants, Plaintiff Yuquilema was paid $5.00 per hour.

43.    Plaintiff Yuquilema's wages did not vary regardless of how many additional hours he worked in a week.

44.    For example, Defendants required Plaintiff Yuquilema to work 30 minutes past his scheduled departure time two days a week, without paying him any additional compensation.

45.    Defendants never granted Plaintiff Yuquilema a meal break or rest period of any kind throughout the entire time he worked there.

- 8 -

46.     Plaintiff Yuquilema was never notified by Defendants that his tips were being included as an offset for wages.

47.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Yuquilema's wages.

48.     In addition, Defendants withheld 50 percent of the tips clients paid Plaintiff Yuquilema every time he made a delivery ordered through Seamless web, and most of the tips clients paid when he made a delivery on a catering order.

49.     Furthermore, Defendants did not provide Plaintiff Yuquilema with a statement of wages with each payment of wages, as required by NYLL 195(3).

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Yuquilema regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not give any notice to Plaintiff Yuquilema, in English and in Spanish (Plaintiff Yuquilema's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

52.     Defendants required Plaintiff Yuquilema to purchase "tools of the trade" with his own funds—including two bicycles, two helmets, two jackets, two chains and two locks.

*Defendants' General Employment Practices*

53.     Defendants regularly required their employees, including Plaintiff Yuquilema, to work without paying them the proper minimum wage for the hours they worked.

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Yuquilema  (and all similarly situated employees) to work without paying him appropriate minimum wage, as required by federal and state laws.

55.    Plaintiff was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wage he was owed for the hours he worked.

56.    Defendants' pay practices resulted in Plaintiff Yuquilema not receiving payment for all his hours worked, resulting in Plaintiff Yuquilema's effective rate of pay falling below the required minimum wage rate.

57.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Yuquilema by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Yuquilema (and all similarly situated employees) of a portion of the tips earned during the course of employment.

58.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Yuquilema, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

59.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

60.    At no time did Defendants informed Plaintiff Yuquilema that they had reduced his hourly wage by a tip allowance.

61.    Defendants failed to inform Plaintiff Yuquilema who received tips that Defendants intended to take a deduction against Plaintiff Yuquilema's earned wages for tip income, as required by the NYLL before any deduction may be taken.

- 10 -

62.    Defendants failed to inform Plaintiff Yuquilema that his tips would be credited towards the payment of the minimum wage.

63.    Defendants failed to maintain a record of tips earned by Plaintiff Yuquilema for the deliveries he made to customers.

64.    Defendants required Plaintiff Yuquilema to perform general non-delivery, non-tipped restaurant tasks in addition to his primary duties as a delivery worker.

65.    Plaintiff Yuquilema was employed ostensibly as a tipped employee by Defendants, although his actual duties included greater or equal time spent performing non-tipped duties.

66.    Plaintiff Yuquilema and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a tip credit because Plaintiff Yuquilema's (and all other delivery workers) non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

67.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

68.    Plaintiff Yuquilema's duties were not incidental to his occupation as a delivery worker, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described herein.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff Yuquilema and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     Plaintiff Yuquilema was paid his wages entirely in cash.

71.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Yuquilema (and similarly situated individuals) worked, and to avoid paying Plaintiff Yuquilema properly for his full hours worked.

72.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employee's compensation by knowingly violating the FLSA and NYLL.

73.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Yuquilema and other similarly situated current and former delivery workers.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.    Defendants failed to provide Plaintiff Yuquilema with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

76.    Defendants failed to provide Plaintiff Yuquilema and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.    Plaintiff Yuquilema brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

78.     At all relevant times, Plaintiff Yuquilema, and other members of the FLSA Class who are and/or have been similarly situated, had substantially similar job requirements and pay provisions.

79.     At all relevant times, Plaintiff Yuquilema, and other members of the FLSA Class who are and/or have been similarly situated have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, willfully taking improper wage deductions and other improper credits against the FLSA Class' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

80.     The claims of Plaintiff Yuquilema stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

81.     Plaintiff Yuquilema repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Yuquilema's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Yuquilema, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

83.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

- 14 -

84.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Yuquilema at the applicable minimum hourly rate.

86.     Defendants' failure to pay Plaintiff Yuquilema at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Yuquilema was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

88.     Plaintiff Yuquilema repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Yuquilema's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Yuquilema, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

90.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Yuquilema less than the minimum wage.

91.     Defendants' failure to pay Plaintiff Yuquilema the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.     Plaintiff Yuquilema was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

- 15 -

93.     Plaintiff Yuquilema repeats and realleges all paragraphs above as though fully set forth herein.

94.     Defendants failed to provide Plaintiff Yuquilema with a written notice, in English and in Spanish (Plaintiff Yuquilema's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.     Defendants are liable to Plaintiff Yuquilema in the amount of $5,000, together with costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

96.     Plaintiff Yuquilema repeats and realleges all paragraphs above as though set forth fully herein.

97.     With each payment of wages, Defendants failed to provide Plaintiff Yuquilema with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of

regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.    Defendants are liable to Plaintiff Yuquilema in the amount of $5,000, together

with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS
### OF THE NEW YORK LABOR LAW)

99.    Plaintiff Yuquilema repeats and realleges all paragraphs above as though set forth

fully herein.

100.    Defendants unlawfully and without permission from Plaintiff Yuquilema,

misappropriated and withheld gratuities paid by customers, which should have been retained by

Plaintiff Yuquilema.

101.    Defendants' action violated NYLL §196-d.

102.    Defendants are liable to Plaintiff Yuquilema in an amount to be determined at

trial.

### SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

103.    Plaintiff Yuquilema repeats and realleges all paragraphs above as though set forth

fully herein.

104.    Defendants required Plaintiff Yuquilema to pay, without reimbursement, the costs

and expenses for purchasing and maintaining equipment and "tools of the trade" required to

perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and

NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

105.    Plaintiff Yuquilema was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yuquilema respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Yuquilema (including the prospective collective class members);

(c)    Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Yuquilema's (and the prospective collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Yuquilema  (including the prospective collective class members);

(e)    Awarding Plaintiff Yuquilema (including the prospective collective class members) damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiff Yuquilema (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)       Declaring that Defendants violated the minimum wage provisions of and rules and orders promulgated under, the NYLL as to Plaintiff Yuquilema;

(h)       Declaring that the Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Yuquilema's compensation, hours, wages and any deductions or credits taken against wages;

(i)       Declaring that the Defendants violated the tip withholding provisions of the New York Labor Law;

(j)       Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Yuquilema;

(k)       Awarding Plaintiff Yuquilema damages for the amount of unpaid minimum wages, and for any improper deductions or credits taken against wages and improper withholding of gratuities under the NYLL, as applicable;

(l)       Awarding Plaintiff Yuquilema damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)       Awarding Plaintiff Yuquilema liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)       Awarding Plaintiff Yuquilema (including the prospective collective class members) pre-judgment and post-judgment interest as applicable;

(o)        Awarding Plaintiff Yuquilema (including the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

(p)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no

- 19 -

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(q)     All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 18, 2016

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:     /s/ Michael Faillace_____
                                Michael Faillace
                                60 East 42nd Street, Suite 2540
                                New York, New York 10165
                                Telephone: (212) 317-1200
                                Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 18, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                                     Jose Yuquilema

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                          18 de febrero de 2016