# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, Suite 2540                                          Telephone: (212) 317-1200
New York, New York 10165                                          Facsimile: (212) 317-1620
_____

michael@faillacelaw.com

September 14, 2016

BY ECF
Hon. Laura Taylor Swain
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

> **Re:**   Yuquilema. v. Schnitzel Express Corp., et. al., 16-cv-1271 (LTS)

Dear Judge Swain:

This office represents plaintiff Jose Yuquilema in the above referenced matter.  Plaintiff writes to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions.  A copy of the Agreement is attached hereto as "Exhibit A."   We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice after Plaintiff files the stipulation of dismissal accompanying the proposed Agreement. The parties are also aware of the this Court's decision in Wolinsky v. Scholastic Inc., 11 Civ. 5917, 2012 WL 2700381, at *1 (S.D.N.Y. July 5, 2012), and represent to the Court that while the settlement amount is less than what the Plaintiff would be entitled to if he prevailed at trial, the settlement is fair, as discussed herein.

Because the Agreement has not yet been executed, we respectfully request that the Court not dismiss the action at this time.  We will submit the Agreement when fully executed.

## 1.  Background

Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL")

Specifically, Plaintiff was employed as a delivery worker by Defendants, who run a restaurant. Plaintiff alleges Defendants paid him below the applicable minimum wage, specifically that Defendants paid him at the tip-credit rate when they were ineligible to do so.  Plaintiff also alleges Defendants violated the wage statement and notice and recordkeeping provisions of the NYLL, withheld gratuities, and required Yuquilema to purchase necessary equipment with his own funds.

Defendants categorically deny the allegations in the Complaint, and produced employment records which demonstrated that Plaintiff's span of employment was considerably shorter than the period he alleges in his complaint.

## 2. Settlement Terms

Under the settlement, Defendants will pay a total of $11,000 through four monthly installments. Of the settlement amount, $6,917.67 will go to the Plaintiff, and $4,083.33 to the Plaintiff's attorneys, in accordance with Plaintiff's retainer agreement with his attorneys. This reflects attorneys' fees of one-third of the settlement amount, after costs of $625.00 are deducted.

Plaintiff alleges he is entitled to back wages of approximately $3,715.20 from Defendants. Based on Plaintiff's calculations, if he had been completely successful on all issues, the maximum value of his claims (including liquidated damages, but not a potential attorneys' fees award) was approximately $34,000.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good  position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc*., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Court consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 225 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10 CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and made an informed decision to settle the action. While the $6,917.67 that he will be receiving is far less than his best- case scenario total recovery, it is nearly double the minimum wages that he would have recovered if he was successful at trial. Additionally, there were significant concerns over the strength of Plaintiff's claims, as well as the collectability of any judgment Plaintiff may have obtained, as discussed further below.

During the course of discovery, Defendants produced a voluminous amount of employment records that appeared to demonstrate that Yuquilema was not employed for Defendants for 34 of the 87 total weeks that he alleged in the Complaint. While those weeks were included in the best-case scenario outcome for Yuquilema, if they are subtracted, he is only owed approximately $2,500 in back wages, and total damages of approximately $22,500. The documentation provided by the Defendants also proved that Yuquilema worked for fewer hours than he originally claimed. Additionally, approximately $12,000 of Yuquilema's alleged damages were for alleged misappropriated tips, which would have been difficult to prove. Finally, Yuquilema's best-case scenario recovery included awards of liquidated damages under both the FLSA and NYLL, but

Page 3

some judges in this district have held that a plaintiff may only recover liquidated damages under a single statute.

Additionally, Defense counsel has indicated Defendants are suffering from financial hardship. As such, Plaintiff concluded there is a credible threat that a post-trial judgment would have been difficult to collect. "Courts have often found that concerns over collectability arising from a defendant's financial difficulties militate in favor of finding a wage-and-hour settlement to be fair and reasonable." *Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144 at *1 n.2 (S.D.N.Y. Nov. 6, 2015).

### 3.  <u>Plaintiffs' Attorneys' Fees are Fair and Reasonable</u>

Under the terms of Plaintiff's retainer agreement with counsel, Plaintiff's counsel will receive $4,083.33 from the settlement fund as attorneys' fees and costs. The retainer agreement is attached hereto as Exhibit B. Although the retainer provides for Plaintiff's attorney to recover 40% of any settlement, Plaintiff's attorney agrees to reduce that to one-third. $625.00 of this represents costs actually incurred by counsel in litigating this action (which includes filing and service of process fees, and mail delivery). The remaining portion represents the attorneys' fees incurred by Plaintiff's counsel in litigating and settling this matter.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $6,050.00, making the fee counsel will receive under the agreement less than their lodestar. <u>Hens v. ClientLogic Operating Corp.</u>, No. 05 Civ. 3815, 2010 U.S. Dist. LEXIS 139126, at *7-8 (W.D.N.Y. Dec. 21, 2010) (quoting <u>McDaniel v. County of Schenectady</u>, 595 F.3d 411, 417 (2d Cir. 2010)) (approving as reasonable fees and costs which were less than plaintiffs' counsel's lodestar). Plaintiffs' attorneys' billing records are annexed hereto as Exhibit C. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.     Joshua Androphy is a litigation associate at Michael Faillace & Associates, P.C., and is billed at the rate of $400 per hour. This is his standard rate for matters on which he is paid at an hourly rate. Mr. Androphy graduated from Columbia Law School in 2002. Following law school, Joshua practiced as an associate with the law firm of Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation, and contract litigation. Since joining Michael Faillace & Associates, P.C. Joshua has tried numerous FLSA trials and maintains a very active litigation practice in this District.

Page 4

   In addition, the costs and fees requested are in accordance with the Plaintiff's engagement agreement with counsel, which provided that counsel would receive their reasonable attorneys' fees and be reimbursed for costs incurred.  Therefore, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

   These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case.  *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

   In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

   Thank you for your consideration in this matter.


                    Respectfully Submitted,

                    /s/ Michael Faillace

                    Michael Faillace