**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE YUQUILEMA, *individually and on behalf of others similarly situated,*<br><br>                                 *Plaintiff*,<br><br>       -against-<br><br>SCHNITZEL EXPRESS CORP. (d/b/a SCHNITZEL EXPRESS GLATT KOSHER), EPHRAIM UZAN, and JANE DOE,<br><br>                                   *Defendants.* | **SETTLEMENT AGREEMENT**<br>**AND**<br>**<u>GENERAL RELEASE</u>**<br><br>16-CV-1271(LTS)(RLE) |

      This Settlement Agreement and General Release of Claims ("Agreement") is entered into by and among Plaintiff JOSE YUQUILEMA ("Plaintiff") on the one hand, and SCHNITZEL EXPRESS CORP. d/b/a SCHNITZEL EXPRESS GLATT KOSHER and EPHRAIM UZAN (collectively, "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as a delivery worker; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 16-CV-1271 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour laws;

      WHEREAS, Defendants deny Plaintiff's allegations, including any violation of federal and state wage and hour and overtime laws, and contend that the Complaint is without merit; and

      **WHEREAS**, Plaintiff and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Settlement and General Release Agreement ("Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1.     In consideration of the payment to Plaintiff by Defendants of the gross sum of Eleven Thousand Dollars ($11,000) (the "Settlement Amount"), Plaintiff hereby releases and forever discharges Defendants Schnitzel Express Corp. and Ephraim Uzan, as well as Schnitzel Express Corp.'s current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with  Defendants, deemed by Plaintiff to be an "employer" (including, but not limited to, Ephraim Uzan) both individually and in their official capacities, as well as Defendants' affiliates, predecessors, successors, subsidiaries, and other related companies (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns, have, had, or hereafter can have against Releasees, from the beginning of time to the date of this Agreement, arising out all claims related to Plaintiff's employment with

Defendants, including all claims set forth in the Action, including, but not limited to, all claims of unpaid minimum wage, unpaid overtime, spread-of-hours pay, improper notice and improper deductions arising under the Fair Labor Standards Act and/or New York Labor Law.

2.      Defendants hereby release and forever discharge Plaintiff and Plaintiff's heirs, executors, administrators, agents, successors, and assigns, from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Defendants have, had, or hereafter can have against Plaintiff, from the beginning of time to the date of this Agreement, arising out all claims set forth in the Action, including, but not limited to, all claims related to Plaintiff's employment with Defendants.

3.      The Settlement Amount shall be paid as follows:

(a)      Upon full execution of the Settlement Agreement, the parties shall file with the Court the executed Settlement Agreement and any materials required by the Court to approve the settlement as fair and reasonable.

(b)      Within the latter of (a) fourteen (14) days of the date the Court "So Orders" the Stipulation of Dismissal (the "Dismissal Date"); (b) Defendants' receipt of completed IRS Form W-4 for Plaintiff and IRS form W-9 for Plaintiff's Counsel; and (c) The expiration of the seven (7) day revocation period, as described in ¶18 without a revocation of Plaintiff's acceptance of this Agreement, Defendants shall issue the following settlement checks, with payments for future installments delivered together with this first payment and post-dated accordingly:

    i.  One (1) check payable to "Jose Yuquilema" in the gross amount of Five Hundred Eighteen and 75/100 Dollars ($518.75), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

    ii.  One (1) check payable to "Jose Yuquilema" in the total amount of One Thousand Five Hundred Fifty Six and 25/100 Dollars ($1,556.25), representing payment of Plaintiff's claims for liquidated damages;

    iii.  One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of One Thousand Two Hundred Twenty-Five Dollars ($1,225.00), representing payment of Plaintiff's attorneys' fees and costs;

(c)    Starting thirty (30) days from the day the first settlement checks are sent and continuing monthly thereafter, for a total of three (3) installments payable over three (3) months, Defendants shall issue:

    i.  One (1) check payable to "Jose Yuquilema" in the gross amount of Four Hundred Three and  47/100 Dollars ($403.47), less all applicable tax withholdings and deductions, representing payment for Plaintiff's alleged unpaid wages;

    ii.  One (1) check payable to "Jose Yuquilema" in the total amount of One Thousand Two hundred Ten and 41/100 Dollars ($1,210.41), representing payment of Plaintiff's claims for liquidated damages;

    iii.  One (1) check payable to "Michael Faillace & Associates, P.C." in the total amount of Nine Hundred Fifty Two and 77/100 Dollars ($962.77), representing payment of Plaintiff's attorneys' fees and costs.

(d)     All payments set forth above shall be delivered to Plaintiff's counsel, Joshua Androphy, Esq., Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 2540, New York, New York 10165.

4.     In the event that the payments described above are not received by Plaintiff's counsel by the dates set forth above, or in the event that any check tendered by Defendants is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Jeffery A. Meyer, Esq., Kaufman Dolowich & Voluck, LLP, via facsimile at (516) 681-1101 and via first class mail of said default. In the event Defendants fail to cure said default within ten (10) days of receipt of said notice, Plaintiff shall be permitted to enter judgment against Defendants in the amount of Sixteen Thousand Dollars ($16,000.00), less any monies theretofore paid by Defendants under this Agreement, as set forth in the Affidavits of Confession annexed hereto as **Exhibit "B."** Plaintiff's counsel shall hold the Affidavits of Confession, in escrow, pending receipt of all the payments referenced above.  Said Affidavits of Confession are only to be filed with the Court, in the event of Defendants' default, as set forth herein, upon which event Plaintiff's counsel, without further notice to Defendants, shall be permitted to release the Confession of Judgment from escrow and shall be entitled to immediately file said Confession of Judgment with the Court.  In the event that all of the payments are made in accordance with the aforesaid paragraphs, Plaintiffs' counsel shall immediately return the original Affidavits of Confession to Defendants' counsel.  Defendants shall be liable for Plaintiff's reasonable attorneys' fees incurred in the collection of any monies due under this paragraph.

5.     Defendants shall issue an IRS form W-2 to Plaintiff for the portions of the Settlement Amount which constitute wages, and an IRS tax form 1099 to Plaintiff and Plaintiff's Counsel for the remaining portions of the Settlement Amount.  To effectuate the withholdings and

deductions provided for in ¶2, contemporaneously with the transmission of this executed Agreement, Plaintiff shall provide Defendants with completed tax form W-4, and Plaintiff's Counsel shall provide Defendants with completed tax form W-9.  Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, resulting from the issuance of a form 1099 as a result of Plaintiff's failure to pay any taxes related to said income.

6.     Plaintiff promises and represents that he will withdraw, with prejudice, any outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, as well as any and all other lawsuits, claims, demands or actions pending against Defendants and Releasees, both individually and in their/its official capacities, relating to Plaintiff's employment with Defendants, including the allegations in the Litigation, violations of the FLSA, NYLL, or associated regulations.  Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions relating to Plaintiff's employment with Defendants, including the allegations in the Litigation, violations of the FLSA, NYLL, or associated regulations against Defendants or any of the Releasees as he acknowledges no valid basis for filing such a claim.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed by others and/or due to circumstances beyond the control of Plaintiff, he promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.  Nothing herein shall prevent Plaintiff

from filing a charge of discrimination with any agency or cooperating with an investigation by an agency; however, this Agreement shall bar him from receiving any monetary award or compensation in connection therewith.

7.      Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement.  Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8.      Plaintiff acknowledges that he been paid in full for all time worked and, other than the payments described in ¶2 of this Agreement, is owed no other forms of compensation, including, but not limited to, any wages, commission, overtime pay, vacation or sick pay, accrued benefits, or bonus.

9.      Plaintiff agrees that he shall not make any statement, written, oral or electronic, which in any way disparages Defendants, Defendants' workplace, or Defendants' business practices. Ephraim Uzan likewise agrees that he will not make any statement, written, oral, or electronic which in any way disparages Plaintiff.  Nothing in the paragraph shall prevent Plaintiff from making accurate statements about the Litigation, the allegations made therein, and this Agreement.

10.     Plaintiff affirms that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

11.     The Parties acknowledge that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law

rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by Defendants that Plaintiff's claims have merit.

12.     This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

13.     Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

14.     The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

15.     The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

16.     This Agreement may only be modified, altered or changed in writing, signed by the Parties or their attorneys.

17.     This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.  The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

18.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of

which shall together constitute one and the same instrument.  In addition, any scanned copies or facsimiled copies of the Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Jeffery A. Meyer, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, jmeyer@kdvlaw.com; and counsel for Plaintiff, Joshua Androphy, Esq., Michael Faillace & Associates, P.C., One Grand Central Place, 60 East 42nd Street, Suite 2540, New York, New York 10165, (212) 317-1200, facsimile (212) 317-1620, jandrophy@faillacelaw.com.

19.     Plaintiff represents that he has been advised to consult legal counsel regarding this Agreement prior to his execution of the same.  Plaintiff further represents that he has been provided the opportunity of at least twenty-one (21) days to review this Agreement, and that to the extent he executes this Agreement before that twenty-one (21) day period expires, he freely and voluntarily elects to forgo waiting twenty-one (21) days prior to his execution of the Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.  Plaintiff further understands that he can revoke his acceptance by communicating his revocation in writing, so as to be received by counsel for Defendants within seven (7) days of his execution of the Agreement in accordance with the notice provisions in ¶18.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
JOSE YUQUILEMA

STATE OF NEW YORK                    )
                                     )s.s.

COUNTY OF _____)

       On _____, 2016, before me personally came Jose Yuquilema, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC

_____
EPRAIM UZAN

STATE OF NEW YORK     )
                                )s.s.
COUNTY OF _____)

On _____, 2016, before me personally came Ephraim Uzan, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.


_____
NOTARY PUBLIC



_____
Schnitzel Express Corp.
By: Ephraim Uzan
Title: Chief Executive Officer


STATE OF NEW YORK     )
                                )s.s.
COUNTY OF _____)


On _____, 2016, before me personally came Ephraim Uzan, and acknowledged himself to be an officer of Schnitzel Express Corp., and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name for Just Squares, Inc.


_____
NOTARY PUBLIC



# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSE YUQUILEMA, *individually and on behalf of others similarly situated,* | |
| Plaintiff, | **STIPULATION AND ORDER OF DISMISSAL** |
| -against- | 16-CV-1271(LTS)(RLE) |
| SCHNITZEL EXPRESS CORP. (d/b/a SCHNITZEL EXPRESS GLATT KOSHER), EPHRAIM UZAN, and JANE DOE, | |
| Defendants. | |

       **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs or attorneys' fees (other than those specified in the Settlement Agreement)

       In "so ordering" the instant Stipulation, the Court hereby approves the Agreement and General Release previously provided to the Court for its review and approval.

       The Court retains jurisdiction over the settlement agreement resolving this action.

Dated: September _____, 2016

**Michael Faillace & Associates, P.C.**　　　　**Kaufman Dolowich & Voluck, LLP**
*Attorneys for Plaintiff*　　　　　　　　　　　*Attorneys for Defendants*


By:_____　　　By:_____
　　Joshua Androphy, Esq.　　　　　　　　　Jeffery A. Meyer, Esq.
　　One Grand Central Place　　　　　　　　135 Crossways Park Drive, Suite 201
　　60 East 42nd Street, Suite 2540　　　　　Woodbury, New York 11797
　　New York, New York 10165　　　　　　　(516) 681-1100
　　(212) 317-1200




**So Ordered:**


_____
U.S.D.J.



# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE YUQUILEMA, *individually and on behalf of others similarly situated,*

                              *Plaintiff,*

              -against-

SCHNITZEL EXPRESS CORP. (d/b/a SCHNITZEL EXPRESS GLATT KOSHER), EPHRAIM UZAN, and JANE DOE,

                              *Defendants.*

---

**AFFIDAVIT AND**
**CONFESSION OF JUDGMENT**

16-CV-1271(LTS)(RLE)

---

STATE OF NEW YORK          }
                           }S.S.
COUNTY OF_____     }

THE UNDERSIGNED,

        SCHNITZEL EXPRESS CORP. d/b/a SCHNITZEL EXPRESS GLATT KOSHER (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, deposes and says:

        1.      I have authority to sign on behalf of myself, or on behalf of the undersigned entity as the Owner, Officer, Director, Member and/or Authorized Shareholder, of the undersigned entity, or a duly designated and authorized representative of the undersigned entity, and as a defendant in the above-captioned action, and I am duly authorized to make this affidavit on my own, or on the undersigned entity's behalf.

        2.      The Undersigned is a New York Corporation conducting business at 1410 Broadway, New York, New York 10018.

3.     The Undersigned authorizes the entry of judgment in New York County, New York.

4.     The Undersigned hereby confesses judgment, and authorizes entry of judgment against it in the sum of Sixteen Thousand Dollars ($16,000.00), minus any payments already made pursuant to the terms of the Settlement Agreement and General Release (the "Agreement") between Plaintiff and the Undersigned, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. §1961, incurred in entering and enforcing the judgment.

5.     This confession of judgment is for a debt in the amount of Sixteen Thousand Dollars ($16,000.00), minus any payments already made, justly due to Plaintiff pursuant to the Agreement dated September ____, 2016, and the Defendants' default in payment under the Agreement.

6.     This confession of judgment may only be filed by Plaintiff's counsel, Joshua Androphy, Esq., Michael Faillace & Associates, P.C., pursuant to the terms of the Agreement and, in particular, ¶3.

## <u>CONFESSION BY SCHNITZEL EXPRESS CORP.</u>

SCHNITZEL EXPRESS CORP.

_____

By:     Ephraim Uzan                    Dated: September ___, 2016

## ACKNOWLEDGMENT

On this _____ day of September, 2016 before me personally came Ephraim Uzan, and acknowledged himself to be the Owner, Member and/or an Authorized Representative of the above named corporation or business entity, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name on behalf of the corporation by himself as Owner and an Authorized Representative.

Sworn to before me

this _____ day of September, 2016

_____

Notary Public

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOSE YUQUILEMA, *individually and on behalf of others similarly situated,*<br><br>                                        *Plaintiff,*<br><br>                  -against-<br><br>SCHNITZEL EXPRESS CORP. (d/b/a SCHNITZEL EXPRESS GLATT KOSHER), EPHRAIM UZAN, and JANE DOE,<br><br>                                        *Defendants.* | **AFFIDAVIT AND**<br>**CONFESSION OF JUDGMENT**<br><br>16-CV-1271(LTS)(RLE) |

STATE OF NEW YORK                    }
                                                     }S.S.
COUNTY OF_____            }

THE UNDERSIGNED,

        EPHRAIM  UZAN, being duly sworn, deposes and says:

        1.        I have authority to sign on behalf of myself, and as a defendant in the above-captioned action, and I am duly authorized to make this affidavit on my own, or on the undersigned entity's behalf.

        2.        The Undersigned resides at_____

_____.

        3.        The Undersigned authorizes the entry of judgment in New York County, New York.

        4.        I hereby confesses judgment, and authorizes entry of judgment against me in the sum of Sixteen Thousand Dollars ($16,000.00), minus any payments already made pursuant to the terms of the Settlement Agreement and General Release (the "Agreement") between Plaintiff and

Defendants in the above captioned matter, together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees and interest, computed as provided in 28 U.S.C. §1961, incurred in entering and enforcing the judgment.

5.      This confession of judgment is for a debt in the amount of Sixteen Thousand Dollars ($16,000.00), minus any payments already made, justly due to Plaintiff pursuant to the Agreement dated September ____, 2016, and the Defendants' default in payment under the Agreement.

6.      This confession of judgment may only be filed by Plaintiff's counsel, Joshua Androphy, Esq., Michael Faillace & Associates, P.C., pursuant to the terms of the Agreement and, in particular, ¶3.

## <u>CONFESSION BY EPHRAIM UZAN</u>

By:    Ephraim Uzan                    Dated: September ___, 2016

## ACKNOWLEDGMENT

On this _____ day of September, 2016 before me personally came Ephraim Uzan, and that he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his name.

Sworn to before me

this _____ day of September, 2016

_____
Notary Public

4846-6258-5399, v. 1